UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MANITH VILAYHONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:23-cv-00613-GCS |
| ) | |
| SHAYNE DOWNEN, ) | |
| ASHLI EICHENSEER, ) | |
| and ) | |
| AARON J. MIDDLETON, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Manith Vilayhong, an inmate of the Illinois Department of Corrections ("IDOC") currently detained at East Moline Correctional Center ("East Moline"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights (Doc. 1). Specifically, Plaintiff alleges that while he was housed at Centralia Correctional Center ("Centralia") Defendants Eichenseer and Downen caused him serious pain during an ear exam. He also alleges that Defendants Eichenseer and Downen refused to get him further medical or mental health assistance. As a result, Plaintiff suffered a panic attack and punched his cell door. Plaintiff further contends that he did not receive timely care after these incidents. On May 8, 2023, the Court completed its preliminary review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. (Doc. 12). Plaintiff was permitted to proceed on the following counts:

**Claim 1**: Eighth Amendment deliberate indifference claim against Defendants Eichenseer and Downen for their response to Plaintiff's ear infection, his request for a crisis team, and the injuries he sustained to his hand from punching his cell door on November 3, 2021; and

**Claim 2**: Eighth Amendment deliberate indifference claim against Defendant Middleton for his response to Plaintiff's injured hand and his requests for a crisis team.

Before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction filed on February 5, 2024. (Doc. 75). Specifically, Plaintiff alleges that in late December 2023 law librarian Amie Pitt and Officer Meija at East Moline have purposely misplaced/held back his legal documents; that they are harassing him; and that they are retaliating against him. Plaintiff seeks the following injunctive relief: (1) to direct the Warden of East Moline, Warden Varga, to provide the Court with any and all relevant documentation regarding his efforts and those of his agents to locate Plaintiff's misplaced legal mail including all incident reports and internal affairs investigations; (2) to order Warden Varga to direct his staff to stop obstructing Plaintiff's access to the law library for his legal deadlines; (3) to order Warden Varga to provide Plaintiff an additional pad lock for his legal box he possesses in his cell so he may secure his legal work and documents from any further mishandling as he has only one pad lock for his "big box" which contains everything besides his legal work; (4) to order Warden Varga to direct his staff to cease and desist any and all retaliation against Plaintiff now and in the future; (5) to cease any and all unconstitutional policies and conduct by Pitts pertaining to the law library and her mishandling of legal work, and (6) to cease all

harassment and acts of reprisal. Defendants Downen and Middleton oppose the motion. (Doc. 81). For the reasons delineated below, the Court denies the motion.[1]

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that the plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *See Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

Regarding the first element, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). If Plaintiff meets his burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act ("PLRA") provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . , and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary

---

[1] No hearing on the motion is necessary because it is apparent from the face of Plaintiff's motion that he is not entitled to the relief requested in this matter.

injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

Here, Plaintiff, in his motion, raises allegations against new individuals (Amie Pitt and Officer Meija) that occurred in a new facility (East Moline). These allegations also occurred *after* Plaintiff filed the instant lawsuit. The claims in Plaintiff's motion are separate and distinct from the claims in *this* case. The main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). It is not meant to be used as a vehicle to air new allegations and claims.

Further, in order to demonstrate entitlement to preliminary relief, Plaintiff would need to establish that irreparable harm will result if injunctive relief does not issue. Because he does not allege harm specific to the allegations in *this case*, Plaintiff has failed to establish entitlement to preliminary relief, and the undersigned need not address permanent relief. Lastly, to the extent that the allegations contained in the motion relate to new incidents not currently being pursued in any action in this Court, Plaintiff should file a new action stating those claims and file a motion for injunctive relief in that new action.

For the above-stated reasons, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 75) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 21, 2024.**

Digitally signed by Judge Sison
Date: 2024.02.21 09:43:36 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**